IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | |
|---|---|
| EULAS C. BLACK, #164 436 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 1:04-CV-1099-F |
| BRENT PARRISH, *et al.*, | * |
| Defendants. | * |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed a pleading with the court which the court construes as a *motion for preliminary injunctive relief.* (Doc. No. 19.) He seeks a preliminary injunction with respect to his complaint that he is being denied constitutionally adequate access to the courts. Plaintiff asserts that he is legally blind, not able to draft legal documents without inmate assistance, and that correctional officers are denying him "access to court to receive legal assistance from someone trained in the law, by and through inmate assistance who has assisted [Plaintiff] with all [his] court filing[s]." (*Id*.)

Upon consideration of Plaintiff's motion for preliminary injunction, the court concludes that the motion is due to be denied.

### DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to **all** prerequisites.

*United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites which a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The court has carefully reviewed Plaintiff's motion along with the other pleadings filed in this case and concludes that Plaintiff has failed to demonstrate that he meets each of the prerequisites for the issuance of a preliminary injunction.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion for a preliminary injunction filed on March 22, 2005 be DENIED.

It is the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

[1] The court notes that the definition of "legally blind" for most legal purposes in the United States is 20/200 vision with correction in the best eye, or field of vision less than 20 degrees. Totally Blind means a virtual lack of any sort of functional vision. *See* http://www.brailleplus.net/visually_impaired_resources/Glossary/Legally_Blind.html. The court further notes that inmates are not entitled to inmate legal assistance much less inmate legal assistance of their choice, nor are they constitutionally guaranteed an abstract free-standing right of access to a law library. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996).

Recommendation on or before April 4, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of March, 2005.

                                              **/s/ Delores R. Boyd**
                                              DELORES R. BOYD
                                              UNITED STATES MAGISTRATE JUDGE